UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRANOEL ENAJ BROWN,

        Plaintiff,

v.

KING COUNTY, *et al.*,

        Defendants.

Case No. C16-1332-JCC-JPD

ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for an order compelling discovery and on plaintiff's third motion for appointment of counsel. Defendants have filed a response to plaintiff's motion for counsel, but not to plaintiff's motion to compel. The Court, having reviewed plaintiff's motions, all briefing of the parties, and the balance of the record, hereby finds and ORDERS as follows:

    (1)    Plaintiff's motion for an order compelling discovery (Dkt. 35) is DENIED. Plaintiff, by way of the instant motion, seeks an order compelling the Washington Department of Corrections (DOC) to perform a magnetic resonance imaging (MRI) scan on his right knee. Plaintiff claims that such a test may reveal the extent of the injury to his right leg and

ORDER DENYING PLAINTIFF'S MOTION
FOR AN ORDER COMPELLING DISCOVERY - 1

substantiate his claim that he was unable to walk or stand while in the custody of King County. However, the DOC is not a party to this lawsuit and, thus, the Court has no authority to direct its actions. Plaintiff, of course, has a constitutional right to receive necessary medical care while in the custody of the DOC, and such care may include appropriate diagnostic testing. If plaintiff believes he is not receiving such care, he may raise those issues through the institutional grievance process at his DOC facility, or in a separate lawsuit. However, the DOC cannot be required to, in essence, create discovery for plaintiff simply for use in litigating this action against King County and its employees.

(2) Plaintiff's third motion for appointment of counsel (Dkt. 36) is DENIED. The Court denied two previous requests for counsel on the grounds that plaintiff had not demonstrated the case involves exceptional circumstances warranting the appointment of counsel. (*See* Dkt. 8 at 2; Dkt. 17.) At the time plaintiff's prior requests for counsel were denied, plaintiff had yet to submit a viable complaint to the Court. Plaintiff subsequently submitted a second amended complaint which was ordered served on defendants. (*See* Dkts. 21, 22 and 23.) Plaintiff appears to assert that the Court's decision to serve his pleading demonstrates that his claims are potentially meritorious which, in turn, establishes that exceptional circumstances exist warranting the appointment of counsel. (*See* Dkt. 38.) Plaintiff maintains that he now needs expert witnesses, and other resources unavailable to him as a prisoner litigant, in order to support his claims, and that he needs a lawyer to present evidence and examine witnesses. (*See id*. at 2.)

The Court's decision to serve plaintiff's second amended complaint on defendants was based on its determination that plaintiff had met basic pleading requirements sufficient to allow

ORDER DENYING PLAINTIFF'S MOTION
FOR AN ORDER COMPELLING DISCOVERY - 2

this action to proceed.  The decision was not based upon any assessment of the merits of plaintiff's claims and, in fact, at this juncture there is still insufficient information in the record for the Court to make such an assessment.

Plaintiff has clearly demonstrated an ability to articulate the legal and factual bases of his claim without the assistance of counsel.  And, while litigating an action from within the confines of a correctional facility unquestionably presents challenges, plaintiff should have access to sufficient resources to adequately research his claims and to conduct any necessary discovery.  In sum, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant the appointment of counsel at this time.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 11th day of July, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR AN ORDER COMPELLING DISCOVERY - 3