UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRANOEL ENAJ BROWN,

        Plaintiff,

v.

KING COUNTY, *et al.*,

        Defendants.

Case No. C16-1332-JCC-JPD

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT PLEADINGS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion to amend and supplement pleadings. Defendants oppose plaintiff's motion. The Court, having considered plaintiff's motion, defendants' response thereto, and the balance of the record, hereby Orders as follows:

    (1)    Plaintiff's motion to amend and supplement pleadings (Dkt. 45) is GRANTED in part. Plaintiff, by way of the instant motion, seeks to amend his complaint to add three new defendants to this action, and to add claims arising under the Americans with Disabilities Act

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO AMEND AND SUPPLEMENT
PLEADINGS - 1

(ADA) and the Rehabilitation Act (RA).[1]  The proposed new defendants are Kerry Maccini, Catherine Schroeder and David Pasoquen, all of whom are apparently members of the King County jail health services staff.

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires."  Five factors are typically considered when assessing the propriety of a motion for leave to amend:  (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  Defendants offer a variety of arguments in opposition to plaintiff's request to amend including that the motion is unduly delayed, that the proposed amended complaint is deficient, and that amendment would be futile with respect to at least some of plaintiff's proposed new claims.  (*See* Dkt. 46.)

Defendants argue that plaintiff's request to amend is unduly delayed, noting that plaintiff had the records necessary to identify the additional defendants and claims by May 12, 2017, and yet didn't seek leave to amend for the first time until July 14, 2017.  (*See* Dkt. 46 at 4.  *See also*, Dkt. 41.)  After that motion was denied on August 11, 2017, because plaintiff failed to submit with his motion a proposed amended complaint, it took plaintiff almost two more weeks to resubmit his motion to amend, this time with a proposed amended complaint.  (*See* Dkts. 44, 45.)  Defendants note that plaintiff's second motion to amend was filed less than a month before the dispositive motion filing deadline.  (Dkt. 46 at 4.)  While plaintiff could have, and perhaps

---

[1] Plaintiff also alleges a violation of the "AMA," but he fails explain what his reference to the AMA means in this context or to explain how it might have been violated by the conduct of defendants.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO AMEND AND SUPPLEMENT
PLEADINGS - 2

should have, requested leave to amend earlier in these proceedings, the record does not suggest any bad faith on plaintiff's part in failing to submit his request earlier. Plaintiff is proceeding with this matter *pro se* and he appears to have litigated this matter relatively efficiently, albeit imperfectly. Though defendants have now submitted their motion for summary judgment, and will therefore suffer some inconvenience if plaintiff is permitted to amend, the prejudice to defendants will be relatively minimal and is not sufficient to preclude amendment.

Defendants argue that plaintiff's proposed amended complaint is deficient because plaintiff fails to identify the constitutional right(s) allegedly violated by each of the three defendants he seeks to add to this action, and he fails to allege facts supporting each alleged constitutional violation. (Dkt. 46 at 3.) Defendants also take issue with plaintiff's vague reference to the ADA, and his failure to state what County policy defendants have allegedly violated or how defendants violated the RA. (*See id.*) In addition to arguing that plaintiff's complaint is deficient in various respects, defendants also argue that some of plaintiff's amended allegations are futile. (*Id.* at 5.) The Court will address these arguments together.

With respect to plaintiff's federal constitutional claims, this Court concludes that plaintiff has adequately identified the federal constitutional rights at issue and he has, arguably, alleged sufficient facts in support of those claims to permit him to proceed with his constitutional claims. However, plaintiff may proceed only against proposed new defendants Kerry Maccini and David Pasoquen as it appears that plaintiff's proposed new claim against defendant Catherine Schroeder is futile.

Plaintiff asserts in his proposed amended complaint that Ms. Schroeder took his wheelchair away in October 2015, thereby violating his rights under the Eighth and Fourteenth

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO AMEND AND SUPPLEMENT
PLEADINGS - 3

Amendments. (*See* Dkt. 45-1 at 5-6.) However, defendants' counsel, in a declaration submitted in support of defendants' response to plaintiff's motion to amend, states that according to records that have been provided to plaintiff, Ms. Schroeder is not the nurse who took plaintiff's wheelchair away in October 2015 and, in fact, that Ms. Schroeder did not even see plaintiff in October 2015. (Dkt. 47 at 2, ¶ 5.) Plaintiff, in his reply brief, claims that there was a doctor who took his wheelchair away in October 2015, and he *believes* that to be Catherine Schroeder. (Dkt. 48 at 2.) Given that plaintiff is apparently unable to confirm that it was Ms. Schroeder who allegedly took his wheelchair away in October 2015, despite the fact that he is apparently in possession of records which should permit him to do so, the Court concludes that amendment would be futile with respect to plaintiff's proposed claim against Ms. Schroeder.

As to plaintiff's proposed new claims arising under the ADA and/or the RA, defendants correctly point out that there is no individual liability under either the ADA or the RA and, thus, it would be futile to permit plaintiff to amend his complaint to add ADA and RA claims against the individual defendants in their individual capacities as to those claims. *Vincent v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). To the extent plaintiff seeks to assert such claims against defendant King County, the Court agrees with defendants that any purported RA claim is too vague to proceed as plaintiff makes only one reference to the RA in his proposed amended complaint, and he fails to allege any specific facts to support such a claim. Plaintiff also provides little specificity with respect to his proposed ADA claims, though he does allege, with relative clarity, that King County's policy regarding the transportation of inmates with

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO AMEND AND SUPPLEMENT
PLEADINGS - 4

disabilities violates the ADA.  (*See* Dkt. 45-1 at 8-9.)  Plaintiff should therefore be permitted to proceed with that claim.[2]

In sum, plaintiff's motion to amend his complaint is granted to the extent he seeks to add defendants Kerri Maccini and David Pasoquen, and to assert claims that these two individuals violated his federal constitutional rights.  Plaintiff's motion to amend is also granted to the extent he seeks to add an ADA claim against defendant King County regarding its policy pertaining to the transportation of inmates with disabilities.  Plaintiff's motion to amend is denied in all other respects.

(2) Defendants' recently filed motion for summary judgment is noted on the Court's calendar for consideration on October 13, 2017.  (Dkt. 49.)  Plaintiff has filed a motion seeking an extension of time to respond to defendants' summary judgment motion pending a ruling on his motion to amend his pleading.  (Dkt. 55.)  Given that plaintiff has been granted leave to amend, and that additional defendants will now need to be served, defendants' motion for summary judgment is STRICKEN from the Court's calendar.  Plaintiff's motion for an extension

---

[2] To the extent plaintiff intends to allege ADA and RA claims against the individual defendants in their official capacities, this Court notes that the Supreme Court has made clear that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)).  And, "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's 'policy or custom' must have played a part in the violation of federal law."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotations and citation omitted).  The only policy clearly identified in plaintiff's proposed amended complaint is that concerning transportation of inmates with disabilities, and plaintiff's allegation in that regard references only King County.  It would serve no purpose to recognize ADA or RA claims against the individual defendants in their official capacities given these circumstances.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO AMEND AND SUPPLEMENT
PLEADINGS - 5

of time is STRICKEN as moot.  The Court will establish a new dispositive motion filing deadline once the new defendants have been served and an answer has been filed.[3]

    (3)    The Clerk is directed to file plaintiff's third amended complaint (Dkt. 45-1). The Clerk is further directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 4th day of October, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

---

[3] It does not appear that additional discovery should be necessary given the limited scope of the amendments and, thus, the Court will not establish a new discovery deadline.  If any party believes additional discovery is necessary, that party will need to seek leave of Court before any such discovery is attempted.  Any motion requesting additional discovery must clearly explain what additional discovery is desired and why it is necessary.