THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DRANOEL ENAJ BROWN,<br><br>Plaintiff,<br>v.<br><br>KING COUNTY, *et al*.,<br><br>Defendants. | CASE NO. C16-1332-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 125) to United States Magistrate Judge James P. Donohue's Report and Recommendation (Dkt. No. 124). Having thoroughly considered the parties' briefing and the relevant record, the Court OVERRULES Plaintiff's objections (Dkt. No. 125) and ADOPTS Judge Donohue's Report and Recommendation (Dkt. No. 124) for the reasons explained herein.

**I.     BACKGROUND**

Plaintiff brings suit against eight defendants pursuant to 42 U.S.C. section 1983 and the Americans with Disabilities Act, 42 U.S.C. section 12132, for claims stemming from medical care he received while incarcerated at the King County Regional Justice Center. (Dkt. No. 124 at 1.) Defendants moved for summary judgment, and Judge Donohue issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion. (*Id*. at 23.) Judge Donohue's R&R also provides recommendations on the following additional motions

pending before the Court: Defendants' motions to strike (Dkt. Nos. 92, 117), and Plaintiff's motions to proceed to trial (Dkt. No. 90), for an extension of time (Dkt. No. 111), for discovery (Dkt. No. 119), and for preliminary injunctive relief (Dkt. No. 121). Plaintiff filed objections (Dkt. No. 125) and a "motion for altered judgment" (Dkt. No. 126), which appears to raise an additional objection to evidence Judge Donohue relied on in making his recommendation.

## II.     PLAINTIFF'S OBJECTIONS

The Court reviews the record before it on objections to an R&R *de novo*. 28 U.S.C. § 636(b)(1). Plaintiff's objections specifically address only his claims against Defendants RN David Pasoquens and RN Nancy Ledgerwood. (Dkt. Nos. 125 at 1–3, 126 at 1.) Plaintiff contends that Pasoquens examined him on November 2, 2015 and "mocked" him by offering him a walker instead of the wheelchair Plaintiff requested. (Dkt. No. 125 at 2.) Plaintiff asserts that Pasoquens lied in his declaration by claiming he was not present in the examination, and that Pasoquens' testimony conflicts with RN Ledgerwood's statement. (Dkt. No. 126 at 1.) Plaintiff argues that he could have established this falsehood if he had been provided counsel. (Dkt. No. 125 at 1, 3.)[1]

Judge Donohue found no evidence that Pasoquens was present at the November 2, 2015 medical examination, and thus no evidence that he participated in the challenged conduct. (Dkt. No. 124 at 16.) Plaintiff presents no evidence that contradicts Judge Donohue's conclusion. (*See* Dkt. Nos. 125, 126.) However, even if Plaintiff is correct that Pasoquens medically examined him and offered him a walker, Plaintiff has still failed to demonstrate that these actions violated his constitutional or statutory rights. As Judge Donohue noted, multiple medical professionals determined that a wheelchair was not appropriate for Plaintiff's injury. (Dkt. No. 124 at 12.)

---

[1] The Court denied Plaintiff's prior motion to appoint counsel (Dkt. No. 8). It finds no basis to revisit that ruling. The evidence before the Court still indicates that Plaintiff was unlikely to succeed on the merits of his case even with the assistance of counsel, and that he has been able to successfully articulate his claims through multiple amendments of his complaint and court filings. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Ledgerwood testified that she also offered Plaintiff the option of a walker as a medically appropriate alternative to crutches. (Dkt. No. 126 at 4.) Accordingly, Plaintiff has made no showing of objective deliberate indifference to his right to adequate medical care. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Nor has Plaintiff pointed to any injury resulting from the alleged conduct of Pasoquens and Ledgerwood. *See id*. Thus, the Court finds summary judgment appropriate on Plaintiff's claims against these Defendants.

Plaintiff did not object to Judge Donohue's other recommendations. (*See* Dkt. No. 125.) Upon review of the record, the Court finds it appropriate to ADOPT the R&R as to those issues.

### III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (Dkt. Nos. 125, 126) and ADOPTS Judge Donohue's Report and Recommendation. The Court accordingly ORDERS as follows:

(1) Defendants' motion for summary judgment (Dkt. No. 92) is GRANTED;

(2) Plaintiff's complaint is DISMISSED with prejudice;

(3) Defendants' motions to strike (Dkt. Nos. 92, 117) are GRANTED as to Docket Numbers 62, 66–71, 86, 87, and 116 and DENIED as to Docket Number 66;

(4) Plaintiff's motion to proceed to trial (Dkt. No. 90) is DENIED as moot;

(5) Plaintiff's motion for an extension of time to respond to Defendants' summary judgment motion (Dkt. No. 111) is DENIED as moot;

(6) Plaintiff's motion for discovery (Dkt. No. 119) is STRICKEN; and

(7) Plaintiff's motion for a preliminary injunction (Dkt. No. 121) is DENIED as moot.

DATED this 9th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE